UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA
      -v-

JAMES LYTCH
------------------------------------x

JUDGMENT INCLUDING SENTENCE
UNDER THE SENTENCING REFORM ACT

CASE NUMBER: CR-02-891 (ARR)
EPHRAIM SAVITT, ESQ
260 MADISON AVENUE, SUITE 2200
NEW YORK, NEW YORK 10016
Defendant's Attorney & Address

THE DEFENDANT:
**XXX** was found guilty on counts one, two & three of the superseding indictment after a plea of not guilty.
Accordingly, the defendant is ADJUDGED guilty of such count(s), which involve the following offenses:

| TITLE & SECTION | NATURE & OFFENSE | COUNT NUMBER(S) |
|---|---|---|
| 21 USC 846 & 841(b)(1)(A)(i) | CONSPIRACY TO DISTRIBUTE & TO POSSESS WITH INTENT TO DISTRIBUTE HEROIN. | ONE (1)(S-4) |
| 18 USC 924(c)(1)(A)(iii) | USE OF A FIREARM IN RELATION TO A DRUG TRAFFICKING CRIME. | TWO (2)(S-4) |
| 18 USC 924(i)(1) | INTENTIONALLY CAUSING THE DEATH OF A PERSON THROUGH THE USE OF A FIREARM. | THREE (3)(S-4) |

The defendant is sentenced as provided in pages 2 through ___ of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**XXX** Remaining counts are dismissed on the motion of the United States.
**XXX** It is ordered that the defendant shall pay to the United States a special assessment of $300.00 which shall be due **XXX** immediately ___ as follows:

It is further ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of residence or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Defendant's Soc. Sec # _____

Defendant's Date of Birth 12/17/59

Defendant's Mailing Address:

    UNDOMICILED

Defendant's Residence Address:

    ( SAME AS ABOVE )

NOVEMBER 28, 2005
Date of Imposition of Sentence

ALLYNE R. ROSS, U.S.D.J.

NOVEMBER 28, 2005
Date

A TRUE COPY ATTEST
Date: _____
ROBERT C. HEINEMANN
CLERK OF COURT

By: _____

DEPUTY CLERK

Defendant: JAMES LYTCH
Case Number: CR-02-891(ARR)

Judgment - Page      of

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of three hundred twnety four (324) months. This includes concurrent sentences on counts one and three of 204 months, to be followed by a consecutive sentence on count two of 120 months.

__XXX__ The Court makes the following recommendations to the Bureau of Prisons:
IT IS STRONGLY RECOMMENDED TO THE BOP THAT THE DEFT BE AFFORDED PSYCHOLOGICAL EVALUATION AND COUNSELING AND PSYCHIATRIC TREATMENT, AND THE HE BE DESIGNATED TO A FACILITY THAT WILL AFFORD HIM THE MAXIMUM SUCH TREATMENT, AND THAT INSOFAR AS IS CONSISTENT WITH THIS RECOMMENDATION, THAT HE BE DESIGNATED TO AN INSTITUTION AS CLOSE AS POSSIBLE TO THE NEW YORK METROPOLITAN AREA.

___ The defendant is remanded to the custody of the United States Marshal.
___ The defendant shall surrender to the United States Marshal for this district,

    ___ at _____ a.m./p.m. on _____.
    ___ as notified by the Marshal.

___ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons

    ___ before 12:00 noon on _____.
    ___ as notified by the United States Marshal.
    ___ as notified by the Probation Office.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____
_____

Defendant delivered on _____ to _____ at _____, with a certified copy of this Judgment.

United States Marshal

By_____

## SUPERVISED RELEASE

   Upon release from imprisonment, the defendant shall be on supervised release for a term of five (5) years.

   While on supervised release, the defendant shall not commit another Federal, state, or local crime and shall comply with the standard conditions that have been adopted by this court (set forth on the following page). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

1) DEFT SHALL PARTICIPATE IN ANY SUBSTANCE ABUSE TREATMENT AND ANGER MANAGEMENT TREATMENT RECOMMENDED BY THE PROBATION DEPARTMENT. DEFT SHALL CONTRIBUTE TO THE COST OF SERVICES RENDERED VIA CO-PAYMENT OR FULL PAYMENT IN AN AMOUNT TO BE DETERMINED BY THE PROBATION DEPARTMENT, BASED UPON THE DEFT'S ABILITY TO PAY AND/OR THE AVAILABILITY OF THIRD PARTY PAYMENT.

2) DEFT SHALL SUBMIT HIS PERSON, RESIDENCE, PLACE OF BUSINESS, VEHICLE, OR ANY OTHER PREMISES UNDER HIS CONTROL TO A SEARCH ON THE BASIS THAT THE PROBATION OFFICER HAS REASONABLE BELIEF THAT CONTRABAND OR EVIDENCE OF A VIOLATION OF THE CONDITIONS OF RELEASE MAY BE FOUND; THE SEARCH MUST ALSO BE CONDUCTED IN A REASONABLE MANNER AND AT A REASONABLE TIME; FAILURE TO SUBMIT TO A SEARCH MAY BE GROUNDS FOR REVOCATION; THE DEFT SHALL INFORM ANY OTHER RESIDENTS THAT THE PREMISES MAY BE SUBJECT TO SEARCH PURSUANT TO THIS CONDITION.

3) DEFT SHALL NOT POSSESS ANY FIREARMS.
___ The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

Defendant: **JAMES LYTCH**
Case Number: CR-02-891(ARR)                              Judgment - Page  of

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) The defendant shall not commit another Federal, state or local crime;
2) the defendant shall not leave the judicial district without the permission of the court or probation officer;
3) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5) the defendant shall support his or her dependents and meet other family responsibilities;
6) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7) the defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;
8) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
10) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
13) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

These conditions are in addition to any other conditions imposed by this Judgment.

Defendant: **JAMES LYTCH**
Case Number: CR-02-891(ARR)                                    Judgment - Page     of

## FINE WITH SPECIAL ASSESSMENT

The defendant shall pay to the United States the sum of $ 300.00    , consisting of a fine of $   N/A      and a special assessment of $ 300.00            .

___ These amounts are the totals of the fines and assessments imposed on individual counts, as follows:

This sum shall be paid ___ immediately
                       ___ as follows:

XXX  The Court has determined that the defendant does not have the ability to pay any fines, cost of confinement or supervision.

    ___ The interest requirement is waived.
    ___ The interest requirement is modified as follows:

1  not appear to be circumstances here that rise to a level that
2  would overcome a finding that the guideline sentence is
3  appropriate and meets the ends of justice.
4  　　　　THE COURT: Let me ask, because I went back and
5  reread the testimony, a number of things in connection with
6  the sentence, including the testimony of the government
7  witnesses, and I recall Brian Jefferson's testimony. I was
8  under the impression, unless I missed it somewhere in
9  cross-examination, that Harvey Parrish did not testify that he
10 heard Mr. Lytch ask for a gun.
11 　　　　MR. CURRIE: That is correct.
12 　　　　THE COURT: He didn't even testify to that?
13 　　　　MR. CURRIE: That is correct.
14 　　　　MR. SAVITT: That is correct, Judge.
15 　　　　THE COURT: There is no dispute concerning the
16 calculation of the advisory sentencing guideline in this case.
17 It is life imprisonment, followed by a mandatory consecutive
18 ten-year term. I have considered the guideline calculation,
19 but for the reasons that follow, I have determined to impose a
20 non-guidelines sentence upon Mr. Lytch.
21 　　　　I turn first to the nature and circumstances of the
22 offenses with which the defendant was convicted.
23 　　　　As to his involvement in the narcotics conspiracy,
24 Count One, within the extensive, well-organized Four Horsemen
25 heroin organization, defendant was among the lowest level of

participants. He was not an organizer, leader, supervisor or even an enforcer for the organization. At most, he was a worker, a street level seller, and even then, only an occasional participant, who was often absent from the neighborhood. Indeed, government witnesses described him as Skeet's, "junky" brother who "often mooched for heroin to feed his habit" rather than selling it. One other government witness testified that he gave Lytch heroin to sell, allowing him to keep a bag to feed his habit, and another described him as a "heroin addict" who was "often stoned."

   The government does not dispute this account of defendant's role, describing him as a "low level participant in the narcotics conspiracy, selling heroin for the group periodically" and acknowledging that "accomplice witnesses all testified that members of the gang believed that Lytch regularly used drugs."

   Of far greater significance, there is no dispute the defendant shot and killed Hector Pacheco, a member of a rival drug gang, who had beaten Tyrone Bowman, one of The four Horsemen. When I say that, I am saying no dispute among the government witnesses.

   The government's two eyewitnesses, however, offered conflicting testimony regarding the events immediately preceding the killing. In one version of the events, at least as likely to be accurate as the other, Bowman told Martese

1  Lytch, defendant's brother and another of The four Horsemen,
2  to "hit him ,"referring to Pacheco, after which Martese Lytch
3  handed a gun to defendant who proceeded to execute Bowman's
4  order by approaching and shooting Pacheco.  Notably, this
5  witness did not testify that the defendant at any time asked
6  Martese Lytch for the gun.  Rather, according to his account,
7  after Bowman issued the order, Martese Lytch simply handed the
8  weapon to defendant.  Having been directed what to do, and
9  given the means to do so, defendant killed Pacheco.
10         While defense counsel and the Assistant United
11 States Attorney seem to dispute the likelihood that defendant
12 was under the influence of heroin at the time, they are in
13 agreement that there was little, if any, planning preceding
14 the murder, which the government portrays as a "somewhat
15 spontaneous act" and defense counsel describes as a killing
16 "without planning, premeditation or prior motive."
17         Counsel are also in agreement that the circumstances
18 suggest that Lytch's spontaneous act of shooting Pacheco may
19 have been intended to "prove his worth" or "demonstrate his
20 mettle to the others.
21         While the seriousness of Lytch's criminal conduct in
22 killing Pacheco cannot be disputed, it is to some limited
23 extent mitigated by the somewhat bizarre circumstances
24 surrounding the homicide.
25         Turning to the history and characteristics of the

1  defendant, the government acknowledges that the defendant's
2  background "indicates that he grew up under difficult
3  circumstances and was addicted to drugs much of his adult
4  life." In fact, defense counsel's sentencing submissions,
5  including the forensic psychological evaluation by Doctor
6  Sanford Drob and a report prepared by a licensed clinical
7  social worker who served as Mitigation Specialist during an
8  earlier phase of the proceeding, present substantial
9  mitigating factors weighing strongly in favor of a
10 non-guidelines sentence.
11         As accurately summarized by defense counsel in his
12 letter, these reports establish that Mr. Lytch "never had a
13 chance to take the high road. Born in the South to a
14 dirt-poor dysfunctional family, his childhood was
15 characterized by violence between his parents, including his
16 father's shooting of his mother, as well as by his own
17 constant beatings at the hands of a drunken, brutish father.
18 A life of crime on the street, therefore, was preordained for
19 Lytch, beginning with young adulthood to middle age, that
20 appeared evenly divided between service of successive jail
21 terms, some of which were for relatively petty offenses, and
22 his ubiquitous heroin drug addiction to escape harsh realities
23 of his life and his understandable feelings of rejection,
24 inferiority and hopelessness. Illustrative of his failures in
25 life are his loss by defection of his first love, the mother

1 of his estranged elder daughter, and the death of his second
2 love, and the mother of his little girl, as a result of an
3 asthma attack months before his incarceration in this case."
4     In my view, both defendant's history and
5 characteristics and the nature and circumstances of his
6 offenses weigh in favor of a non-guidelines sentence and
7 support a term of incarceration of 324 months as sufficient
8 but of no greater severity than necessary to satisfy the goals
9 of sentencing.
10     A sentence of this length is undeniably severe and
11 it is one which I believe reflects the seriousness of
12 defendant's offense, promotes respect for the law, and
13 provides just punishment.
14     Defendant, who is now 46-years-old, will not be
15 released from prison until he is well into his sixties, at an
16 age when the likelihood of recidivism is greatly reduced. See
17 United States Sentencing Commission Measuring Recidivism, The
18 Criminal History computation of the Federal Sentencing
19 Guidelines. The positive correlation between increasing age
20 and decreasing likelihood of recidivism is plainly relevant to
21 the sentencing goals of affording adequate deterrence and
22 protection of the public, and the sentence I intend to impose
23 will, I believe, especially together with its rehabilitative
24 aspects, amply satisfy these goals in defendant's case.
25     Accordingly, I sentence Mr. Lytch to the custody of

1  the Attorney General for a total of 324 months incarceration.
2  This includes concurrent sentences on Counts One and Three of
3  204 months, to be followed by a consecutive sentence on Count
4  Two of 120 months.
5       Defendant's custodial term is to be followed by a
6  five-year period of supervised release with special
7  conditions.
8       First, that I prohibit the possession of a firearm.
9       The defendant must undergo any substance abuse,
10 psychiatric and anger management treatment recommended by the
11 Probation Department, and contribute to the costs of any
12 services rendered by copayment or full payment in an amount to
13 be determined by the Probation Department based on his ability
14 to pay and/or the availability of third-party payment.
15      I also impose a search condition, that he submit his
16 person, residence, vehicle or any other premises under his
17 control to a search on the basis that the Probation Officer
18 has reasonable belief contraband or evidence of a violation of
19 the conditions of the release may be found. The search must
20 be conducted in a reasonable manner and at a reasonable time.
21 Failure to submit to a search may be grounds for revocation,
22 and the defendant shall inform any other residents that the
23 premises may be subject to search pursuant to this condition.
24      I find that Mr. Lytch is unable to pay a fine, but I
25 will impose the mandatory $300 special assessment.

1          Further, I strongly recommend to the Bureau of
2  Prisons that Mr. Lytch be afforded psychological evaluation
3  and counseling and psychiatric treatment, and that he be
4  designated to a facility that will afford him the maximum such
5  treatment, and that insofar as is consistent with this
6  recommendation, I will also recommend to the Bureau of Prisons
7  that he be designated to an institution as close as possible
8  to the New York metropolitan area.
9          I can't recall, are there underlying indictments?
10         MR. CURRIE: There are underlying indictments, Your
11 Honor.
12         We would request that those be dismissed.
13         THE COURT: The motion is granted.
14         Obviously, Mr. Lytch, you are entitled to appeal
15 both your conviction and your sentence. A notice of appeal
16 must be filed within ten days. A lawyer will be appointed to
17 represent you, be it Mr. Savitt or another lawyer appointed by
18 the Court of Appeals.
19         MR. SAVITT: Thank you, Your Honor.
20         May we have a copy of the minutes?
21         THE COURT: Yes.
22         Actually, this will be made part of the J and C, in
23 any event.
24         If you want the entire sentencing? You may have
25 that too.